**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **VICENTE ADOLFO GONZALEZ VELASQUEZ #A209-968-903** | **CASE NO. 6:26-CV-03353 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN PINE PRAIRIE I C E PROCESSING CENTER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the court are a Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Order to Show Cause [doc. 2] and Motion to Expedite [doc. 7] filed by immigration detainee Vicente Adolfo Gonzalez Velasquez, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native of Honduras, was detained in July 2026 and is currently in ICE custody in this district. Doc. 1 He seeks habeas relief on the grounds that he was detained in violation of his right to procedural due process and that he is subject to unreasonably prolonged detention. Doc. 1. He also seeks preliminary injunctive relief, requesting immediate release while the court adjudicates his habeas petition. Doc. 2. In his motion to expedite, his family reports that he experienced back pain after having to remain seated for a prolonged period. Doc. 7, p. 2. They also allege that he has experienced "hospital visits, gastrointestinal difficulties associated with medication, and concerns about the adequacy of his medical care." *Id.* However, they provide no evidence to support these assertions.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the

threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Aside from the vague and undocumented medical complaints, the petitioner's request for immediate release demonstrates no threat of imminent harm beyond the ordinary hardships of detention. Instead, petitioner merely seeks to accelerate his request for the ultimate relief requested under his habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Additionally, it is doubtful that he can succeed on the merits of his claims. Petitioner admits that he has received a bond determination hearing on July 29, 2026, and was denied bond based on a determination of flight risk. Doc. 7, p. 2. The court has no authority to reconsider an immigration judge's discretionary bond decision. 8 U.S.C. § 1226(e). And the petition does not show that his detention has been unreasonably prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which sets a threshold of six months after an order of

removal becomes final. Accordingly, there is no basis for granting preliminary injunctive relief or otherwise expediting consideration of this matter. **IT IS ORDERED** that the Motions [docs. 2, 7] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**